UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

**04 · 10018 RGS**

FILED
IN CLERKS OFFICE
2004 JAN -5 A 11: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

AMOUNT $150 52916
SUMMONS ISSUED YES
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY CLK F.O.M
1/6/04

|   |   |
|---|---|
| UNITED VAN LINES, LLC, )  )  Plaintiff, )  )  v. )  )  DANIEL TOBIN and )  CHRISTINE CASSON, )  )  Defendants. ) | MAGISTRATE JUDGE Cohen  CIVIL ACTION NO. |

**COMPLAINT**

**Parties, Jurisdiction and Venue.**

1.  The Plaintiff, United Van Lines, LLC ("United"), is a Missouri limited liability corporation and maintains its principal office and place of business at One United Drive, Fenton, Missouri 63026. At all times pertinent hereto United operated and continues to operate as an interstate motor carrier of property subject to the provisions of the ICC Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§ 13501, *et seq.*, and the rules, regulations and orders of the Federal Motor Carrier Safety Administration ("FMCSA") promulgated thereunder.

2.  The Defendants, Daniel Tobin ("Tobin") and Christine Casson ("Casson"), upon information and belief, are husband and wife and reside at 19 Paisley Park, #2, Dorchester, Suffolk County, Massachusetts and are subject to the personal jurisdiction of this Court.

3.  This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 1337(a) in that this is an action to collect transportation (freight) charges for a shipment of household goods transported by United in interstate commerce pursuant to the

ICCTA, 49 U.S.C. §§ 13702, 13706 and 13707, and a bill of lading issued by United pursuant to 49 U.S.C. § 13501, *et seq*, as hereinafter more fully appears.

4. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1391(b)(1) in that the Defendants reside in this district and the subject interstate shipment of household goods was delivered in this district.

## COUNT I
### (Interstate Tariff Charges – United Order No. 281-346-2)

5. On or about September 16, 2002 United received a shipment of the Defendants' household goods at Racine, Wisconsin for transportation and delivery to the Defendants at 19 Paisley Park, Dorchester, Massachusetts under United Order No. 281-346-2.

6. Upon its receipt of the Defendants' shipment, United issued a Uniform Household Goods Bill of Lading ("Bill of Lading"), a copy of which is attached hereto as **Exhibit A,** which provides that United undertook to perform the transportation subject to United's governing tariffs.

7. Section 3 of the Bill of Lading, as relevant hereto, provides as follows:

> **Section 3:** Shipper's, consignor's and/or consignee's liability to carrier shall include the following:
>
> (a) The shipper, (individual or commercial) and consignor upon tender of the shipment to carrier, and the consignee, upon acceptance of delivery of shipment from carrier, shall be liable, jointly and severally, for all unpaid charges payable on account of a shipment in accordance with applicable tariffs including, but not limited to, sums advanced or disbursed by a carrier on account of such shipment. The extension of credit to either shipper or consignee for such unpaid charges shall not thereby discharge the obligation of the other party to pay such charges in the event the party to whom credit has been extended shall fail to pay such charges.

8. The Defendants promised and agreed to pay United for the transportation charges associated with United's transportation of their shipment under Order No. 281-346-2 in accordance with the Bill of Lading.

9. United transported the Defendants' shipment under Order No. 281-346-2 and delivered it at Dorchester, Massachusetts on or about September 27, 2002.

10. The total amount of transportation charges due United, pursuant to its tariff, for the Defendants' shipment was $15,398.25.

11. At or about the time of United's delivery of the shipment to the Defendants, they paid United the sum of $6,201.16, leaving a balance of $9,197.09 due United pursuant to the Bill of Lading and its published tariffs.

12. Despite United's subsequent demands for payment, the Defendants have failed and refused to pay United the aforesaid balance of interstate freight charges, which are now due, outstanding and owing to United from the Defendants, Tobin and Casson, jointly and severally, for the Defendants' Order No. 281-346-2.

13. Pursuant to 49 U.S.C. §§ 13702 and 13706 United is therefore entitled to and hereby demands judgment against the Defendants, Tobin and Casson, jointly and severally, for the total sum of $9,197.09 plus interest, costs and such other relief as may be appropriate.

WHEREFORE, plaintiff United Van Lines, LLC prays that the Court enter judgment against the Defendants, Daniel Tobin and Christine Casson, jointly and severally, in the amount of $9,197.09, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate under the circumstances.

## COUNT II
### (Breach of Contract – United Order No. 281-346-2)

United repeats and realleges each of the allegations contained in Paragraphs 1 through 13 of this Complaint as though separately set forth herein.

14. On or about September 16, 2002 the Defendants hired United to transport and deliver their household goods shipment from Racine, Wisconsin to Dorchester, Massachusetts.

15. The Defendants promised and agreed to pay United the transportation charges described above in consideration for United's performance of those services.

16. United performed all the transportation services and obligations which it agreed to and was required to perform under its agreement with the Defendants, and United has made demand upon the Defendants for the balance of the transportation charges due as aforesaid.

17. Notwithstanding United's performance and demands for payment, the Defendants breached their agreement with United in that they failed and refused to pay United the balance of the transportation charges due.

18. As a result of the Defendants' breach of their agreement, United has been damaged in the sum of $9,197.09.

WHEREFORE, plaintiff United Van Lines, LLC prays that the Court enter judgment against the Defendants, Daniel Tobin and Christine Casson, jointly and severally, in the amount of $9,197.09, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate under the circumstances.

## COUNT III
### (Quantum Meruit – Order No. 281-346-2)

United repeats and realleges each of the allegations contained in Paragraphs 1 through 18 of this Complaint as though separately set forth herein.

19.   United rendered to the Defendants work, labor, materials and services which the said Defendants promised to pay the reasonable value thereof and which the said Defendants knew or should have known they would be expected to pay for.

20.   The reasonable value of the transportation services performed by United for the benefit of the Defendants under Order No. 281-346-2 is $9,197.09; and the said Defendants, accordingly, have been unjustly enriched in the amount of at least $9,197.09.

21.   The Defendants have failed and refused to pay United the remaining transportation charges due, despite United's demands and their obligation to pay them.

22.   United is therefore entitled to and hereby demands judgment against the Defendants, jointly and severally, in the amount of $9,197.09, plus interest and costs, for the reasonable value of the transportation and services rendered to the Defendants, and for all other relief that may be appropriate under the circumstances.

WHEREFORE, plaintiff United Van Lines, LLC prays that the Court enter judgment against the Defendants, Daniel Tobin and Christine Casson, jointly and severally, in the amount of $9,197.09, plus pre-judgment and post-judgment interest at the maximum rate allowed by law, costs and such other relief as may be appropriate under the circumstances.

## FAIR DEBT COLLECTION PRACTICES ACT NOTICE

To Defendants Daniel Tobin and Christine Casson:

Unless you notify the plaintiff within 30 days after receiving this Complaint that you dispute the validity of this debt or any portion thereof, the Plaintiff will assume this debt is valid. If you notify Plaintiff in writing within 30 days after receiving this Complaint, Plaintiff will verify the debt and mail you verification of the debt. If you so request Plaintiff in writing within 30 days after receiving this Complaint, the Plaintiff will provide you with the name and address of any original creditor, if different from the current creditor.

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

The Summons accompanying to this Complaint states that you have 20 days within which to answer the Complaint. The twenty day period stated in the Summons is specified by Rule 12(a) of the Federal Rules of Civil Procedure. This is in conflict with the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. As stated above, you have *30 days* under the Fair Debt Collection Practices Act within which to dispute the validity of this debt. Due to this conflict, the Plaintiff will allow you 30 days within which to file an answer to this Complaint. If you fail to respond within 30 days, the Plaintiff will ask the Court to enter your default.

December 31, 2003

UNITED VAN LINES, LLC
By its attorneys,

_____
Wesley S. Chused (BBO # 083520)
Patrick O. McAleer (BBO # 642627)
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA 02100
(617) 951-2800