UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ ) | | |
| UNITED VAN LINES, LLC, ) | | |
| ) | | |
| *Plaintiff,* ) | | |
| ) | | |
| v. ) | | |
| ) | CIVIL ACTION | |
| DANIEL TOBIN and ) | NO.  04-10018-RGS | |
| CHRISTINE CASSON, ) | | |
| ) | | |
| *Defendants.* ) | | |
| _____) | | |

## PLAINTIFF'S ANSWER TO DFEENDANTS' COUNTERCLAIM

The Plaintiff, United Van Lines, LLC ("United"), for its answer to the Counterclaim of

the Defendants, Daniel Tobin ("Tobin") and Christine Casson ("Casson"), states as follows in

response to each corresponding paragraph therein.

1.       Denied; except United admits that it is a Missouri limited liability corporation

with a principal place of business at One United Drive, Fenton, Missouri and that it is engaged in

business as an interstate motor carrier of property pursuant to the provisions of the ICC

Termination Act of 1995 ("ICCTA"), 49 U.S.C. §§13501 *et seq*, and the rules, regulations and

orders of the Federal Motor Carrier Safety Administration ("FMCSA").

2.       Admitted.

3.       United is without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in paragraph 3 of the Defendants' Counterclaim, and therefore

neither admits or denies said allegations, but calls upon the Defendants to prove the same.

4.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

5.      Denied; except,  as to the first sentence in paragraph 5 of the Counterclaim, United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

6.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

7.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

8.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

9.      United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

10.     United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same; except United admits that Cook was United's principal contact with the Defendants.

11.    Denied.

12.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same; except United admits that it picked up the Defendants' shipment on September 12, 2002.

13.    Denied.

14.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

15.    Denied.

16.    Denied.

17.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same; except United admits that Ms. Casson signed the bill of lading on September 16, 2002.

18.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same; except United admits that Ms. Casson signed the bill of lading on September 16, 2002.

19.    Denied.

20.    Admitted.

21.    Denied.

22.    Admitted.

23.     Admitted.

24.     Admitted.

25.     Admitted.

26.     Denied; except United admits that its invoice to the Defendants is based on the actual weight of the Defendants' shipment, 35,380 pounds.

27.     Denied; except United admits that it delivered a second portion of the Defendants' shipment on September 27, 2002.

28.     Admitted.

29.     Denied; except United admits it had several communications with the Defendants in its attempt to collect the balance of freight charges due.

30.     Admitted.

31.     Denied.

32.     Denied.

33.     Denied.

34.     Denied.

35.     In response to the allegations contained in paragraph 35 of the Defendants' Counterclaim, United repeats each of its responses to paragraphs 1 through 34 as though separately set forth herein.

36.     Denied.

37.     Denied.

38.     Denied.

39.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

40.    Denied.

41.    In response to the allegations contained in paragraph 41 of the Defendants' Counterclaim, United repeats each of its responses to paragraphs 1 through 40 as though separately set forth herein.

42.    Denied.

43.    Denied.

44.    Denied.

45.    United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

46.    Denied.

47.    In response to the allegations contained in paragraph 47 of the Defendants' Counterclaim, United repeats each of its responses to paragraphs 1 through 45 as though separately set forth herein.

48.    Denied.

49.    Denied.

50.    Denied.

51.    Denied.

52.    Denied.

53.     In response to the allegations contained in paragraph 53 of the Defendants' Counterclaim, United repeats each of its responses to paragraphs 1 through 51 as though separately set forth herein.

54.     Denied.

55.     Denied.

56.     United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

57.     Denied.

58.     Denied.

59.     In response to the allegations contained in paragraph 59 of the Defendants' Counterclaim, United repeats each of its responses to paragraphs 1 through 57 as though separately set forth herein.

60.     Denied; except United admits that it is engaged in business as an interstate motor carrier of property pursuant to the provisions of the ICCTA, 49 U.S.C. §§13501 *et seq*, and the rules, regulations and orders of the FMCSA.

61.     Denied.

62.     Denied.

63.     United is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Defendants' Counterclaim, and therefore neither admits or denies said allegations, but calls upon the Defendants to prove the same.

64.     Denied; except Unites admits that upon tender of delivery it demanded payment of $6,201.16 and informed the Defendants that they would be responsible for the balance of freight charges due in the sum of $9,197.09.

65.     Denied.

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claims against United upon which relief can be granted under the ICC Termination Act of 1995, 49 U.S.C. §14706, and must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### SECOND AFFIRMATIVE DEFENSE

Whatever shipment was received for transportation by United was accepted in accordance with and subject to all the terms and conditions of the Uniform Household Goods Bill of Lading and United's effective classifications and tariffs, rules set forth therein, the rules and regulations of the Federal Motor Carrier Safety Administration, and the rules, regulations and practices of United applicable thereto, which together form the contract of carriage between the parties for the transportation of the Defendants' shipment.  United duly performed all of the terms and conditions thereunder which it was required to perform.

### THIRD AFFIRMATIVE DEFENSE

United's liability to the Defendants, if any, is limited to the declared or released rate valuation in accordance with the Uniform Household Goods Bill of Lading and United's tariffs governing the subject shipment.

### FOURTH AFFIRMATIVE DEFENSE

The bill of lading contract provided that the carrier shall not be liable for loss or damage caused by or resulting from (a) an act, omission or order of shipper or (b) a defect or inherent

vice of the article.  United is not liable for any loss, damage or delay to the shipment that was due to such causes.

## FIFTH AFFIRMATIVE DEFENSE

In the event that the Defendants did not have or do not have any title or interest in the shipment that is the subject of their Counterclaim, then they are not the real parties in interest herein and are not entitled to any recovery.

## SIXTH AFFIRMATIVE DEFENSE

If the shipment referred to in the Defendants' Counterclaim suffered any loss, damage or delay, such loss, damage or delay was caused by the acts or omissions of a third party or parties over whom United had no control, and United, therefore, is not liable.

## SEVENTH AFFIRMATIVE DEFENSE

The bill of lading, tariffs and classifications which constitute the contract of carriage do not contemplate carrier responsibility for special damages.  To the extent any of the damages sought by the Defendants in their Counterclaim are special damages, United is not liable.

## EIGHTH AFFIRMATIVE DEFENSE

The Counterclaim, Count V, fails to state a claim against United upon which relief can be granted, because under the ICCTA there can be no cause of action for violation of Mass. Gen. Laws c. 93A arising out of or related to an interstate motor carrier's transportation of freight in interstate commerce; and the Counterclaim must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## NINTH AFFIRMATIVE DEFENSE

The ICC Termination Act of 1995 preempts the Defendants' counterclaim for violation of Mass. Gen. Laws, c. 93A, negligent misrepresentation, breach of contract and promissory estoppel.

## TENTH AFFIRMATIVE DEFENSE

The Counterclaim fails to state any claims against United upon which relief can be granted (i) because the provisions of the ICCTA and the rules and regulations promulgated thereunder preempt all claims under Mass. Gen. Laws, c. 93A and (ii) because Mass. Gen. Laws, c. 93A exempts the subject transaction between the parties.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendants' claim for relief under Mass. Gen. Laws, c. 93A is barred because the subject matter of the transaction between the parties is governed by the laws and regulations of the United States, to wit:  the ICCTA, and the rules and regulations promulgated thereunder, and is therefore exempt from the application of Mass. Gen. Laws c. 93A.

## TWELFTH AFFIRMATIVE DEFENSE

If United ever owed the Defendants anything, the same has been paid in full and it now owes them nothing.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Bill of Lading Contract further required that as a condition precedent to recovery, claims must be filed in writing within nine (9) months after delivery of the property or, in the case of failure to make delivery, then within nine (9) months after a reasonable time for delivery elapsed, and that suit must be instituted against the carrier within two (2) years and one day from the date when the claim is denied.  In the event the Defendants' claim was insufficient or defective or was

not filed, or if their Counterclaim on the shipment that is the subject of the Counterclaim herein was not filed within the times prescribed by such limits, then they are barred from any recovery in this action.

WHEREFORE, the Plaintiff, United Van Lines, LLC, demands judgment dismissing the Counterclaim of the Defendants, Daniel Tobin and Christine Casson, and awarding the Plaintiff reasonable costs for its defense of the Counterclaim.

UNITED VAN LINES, LLC
By its attorney,

March  30, 2004                           "/s/_____"
                                          Wesley S. Chused (BBO #083520)
                                          LOONEY & GROSSMAN LLP
                                          101 Arch Street
                                          Boston, MA  02110
                                          (617) 951-2800

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2004, I served a copy of the foregoing **Answer to Defendants' Counterclaim**, electronically or by first-class mail, postage prepaid, properly addressed to the following:

John F. Tocci, Esq.
Merson & Lee, PC
171 Milk Street, Suite 400
Boston, MA  02109

"/s/_____"
Wesley S. Chused